UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LESLIE ALEXANDER,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. MICHAEL FUNG,
Shield No. 3755, Individually and in his Official Capacity,
and P.O.'s "JOHN DOE" #1-10, Individually and in their
Official Capacity (the name John Doe being fictitious as
the true names are presently unknown),

                Defendants.

------------------------------------------------------------X

CV 12 5242

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

MATSUMOTO, J.
POHORELSKY, M.J.

SUMMONS ISSUED

    Plaintiff LESLIE ALEXANDER, by his attorney, ROBERT W. GEORGES, ESQ., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff LESLIE ALEXANDER is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. MICHAEL FUNG, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### FACTS

13. On or about March 14, 2012 at approximately 6:45 p.m., plaintiff was lawfully at his home at 836 Boyland St. in Kings County in the City and State of New York where he was living in the second floor apartment.

14. At the above time and place, defendant officers streamed into the first floor apartment and allegedly uncovered drugs, paraphernalia, and a simulated pistol secreted in different areas throughout the residence.

15. Plaintiff was not in the first floor apartment at that time, he did not live in the first floor apartment, and the officers had no basis to believe he did.

16. Nevertheless, defendant officers placed plaintiff under arrest and charged him with Conspiracy in the Fourth Degree, Criminal Possession of a Controlled Substance in the Third and Fifth Degrees, Criminal Use of Paraphernalia in the Second Degree, Unlawful Possession of Marijuana, and Unlawful Possession of an Air Pistol.

17. At no time on September 14, 2012 did plaintiff LESLIE ALEXANDER commit any of those crimes or violations, nor did he behave unlawfully in any way.

18. At no time on September 14, 2012 did the defendant officers possess probable cause to believe plaintiff had committed any crime or violation of law.

19. At no time on September 14, 2012 did the defendant officers possess information that would lead a reasonable officer to believe probable cause existed to place plaintiff under arrest.

20. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

21. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

22. Specifically, defendants falsely and knowingly alleged plaintiff conspired to sell narcotics and possessed controlled substances, paraphernalia, marijuana, and an air pistol.

23. As a result of defendants' actions, plaintiff LESLIE ALEXANDER spent approximately five (5) months in custody before the charges against him were dismissed in their entirety.

24. Despite defendants' actions, all charges against plaintiff LESLIE ALEXANDER were dismissed in August 2012.

25. As a result of the foregoing, plaintiff LESLIE ALEXANDER sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff LESLIE ALEXANDER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff LESLIE ALEXANDER.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff LESLIE ALEXANDER.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff LESLIE ALEXANDER.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff LESLIE ALEXANDER.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff LESLIE ALEXANDER.

44. Defendants acted with malice in continuing criminal proceedings against plaintiff LESLIE ALEXANDER.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

46. Specifically, defendants falsely and knowingly alleged plaintiff conspired to sell narcotics and possessed controlled substances, paraphernalia, marijuana, and an air pistol.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LESLIE ALEXANDER's favor in August 2012 when the charges against him were dismissed.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50. Defendants created false evidence against plaintiff LESLIE ALEXANDER.

51. Specifically, defendants falsely and knowingly alleged plaintiff conspired to sell narcotics and possessed controlled substances, paraphernalia, marijuana, and an air pistol.

52. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

53. Defendants misled the prosecutors by creating false evidence against plaintiff LESLIE ALEXANDER and thereafter providing false testimony throughout the criminal proceedings.

54. In creating false evidence against plaintiff LESLIE ALEXANDER, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn

statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i.  maintaining an unconstitutional arrest, summons, and stop-and-frisk quota placing an undue burden on individual officers to produce predetermined levels of "activity" within a given timeframe;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   iii. fabricating evidence in order to support those arrests; and

   iv. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff LESLIE ALEXANDER's constitutional rights.

64. The acts complained of deprived plaintiff of his rights:

   1. Not to be deprived of liberty without due process of law;
   2. To be free from seizure and arrest not based upon probable cause;
   3. To be free from unlawful search;
   4. Not to have summary punishment imposed upon him; and
   5. To receive equal protection under the law.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;
   ii. an order awarding punitive damages in an amount to be determined at trial;
   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and
   iv. directing such other and further relief as the Court may deem just and

proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       September 24, 2012

BY: _____
ROBERT W. GEORGES, ESQ.
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-710-5166
rgeorges@georgesesq.com